IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATECH IP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| PIONEER ELECTRONICS (USA), INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

For its Complaint, Plaintiff DataTech IP, LLC ("DataTech"), by and through the undersigned counsel, alleges as follows:

### THE PARTIES

1.      DataTech is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 475 Plano, Texas 75093.

2.      Defendant Pioneer Electronics (USA), Inc. ("Defendant") is a Delaware corporation with, upon information and belief, a principal place of business at 1925 East Dominguez Street, Long Beach, CA 90810.

### JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.      Upon information and belief, (i) Defendant conducts substantial business in this Judicial District, directly or through intermediaries, (ii) at least a portion of the infringements alleged herein occurred in this Judicial District; and (iii) Defendant regularly does or solicits business, engages in other persistent courses of conduct and/or

derives substantial revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

7. On May 17, 2005, U.S. Patent and Trademark Office duly and lawfully issued United States Patent No. 6,895,554 (the "'554 patent"), entitled "Method of Document Assembly." A true and correct copy of the '554 patent is attached hereto as Exhibit A.

8. DataTech is the assignee and owner of the right, title and interest in and to the '554 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement thereof.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,895,554

9. DataTech repeats and realleges the allegations of paragraphs 1 through 8 as if fully set forth herein.

10. Without license or authorization and in violation of 35 U.S.C. § 271(a) and (b), DataTech is informed and believes, and thereupon alleges, that (i) Defendant has infringed and continues to infringe one or more claims of the '554 patent in this District, literally and/or under the doctrine of equivalents and additionally and/or in the alternative, (ii) Defendant has actively induced and continues to actively induce the infringement of one or more claims of the '554 patent in this District and elsewhere in the United States.

11. On information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '554 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling within this Judicial District and elsewhere in the United States, a computer implemented system for assembling an electronic document to, for example, open or initialize a document

having at least one live data field where customers are instructed to provide their billing and/or shipping information; initialize a record in computer memory for each live data field; insert user-provided data, such as shipping and/or billing information, into a first data field; and insert data from the first live data field into a second live data field based on the type of information to be stored in each field, such as a name, street address, city, state, zip code, and/or telephone number.  Such a system is an integral part of Defendant's sales.pioneerelectronics.com electronic commerce website.

12. Additionally and/or in the alternative, on information and belief, Defendant has actively induced and continues to actively induce the infringement of one or more claims of the '554 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively, knowingly, and intentionally encouraging, aiding, and/or abetting others to make, use, offer for sale, and/or sell portions of a computer implemented system that infringes one or more claims of the '554 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement.

13. On information and belief, Defendant has had knowledge of the '554 patent at least as early as the date it received a copy of this Complaint. Additionally, at least as early as that date, Defendant knew or should have known that its continued offering, use, deployment, and/or operation of the at least one computer implemented system and its continued support of others, if those parties perform any limitations of one or more of the claims of the '554 patent, would induce direct infringement of the '554 patent.

14. DataTech is entitled to recover from Defendant the damages sustained by DataTech as a result of Defendant's infringement of the '554 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

DataTech hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DataTech requests that this Court enter judgment against Defendant as follows:

    A.    An adjudication that Defendant has infringed the '554 patent;

    B.    An award of damages to be paid by Defendant adequate to compensate DataTech for Defendant's past infringement of the '554 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

    C.    A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of DataTech's reasonable attorneys' fees; and

    D.    An award to DataTech of such further relief at law or in equity as the Court deems just and proper.

Dated: May 2, 2014

*/s/ Andrew W. Spangler*
Andrew W. Spangler TX SB #24041960
spangler@spanglerlawpc.com
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone: (903) 753-9300
Facsimile: (903) 553-0403

*/s/ Matt Olavi*
Matt Olavi CA SB #265945 (PRO HAC PENDING)
molavi@olavidunne.com
Olavi Dunne LLP
800 Wilshire Boulevard, Suite 320
Los Angeles, CA 90017
Telephone: (213) 516-7900
Facsimile: (213) 516-7910

5

*Attorneys for Plaintiff*
*DataTech IP LLC*